UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23066-CIV-UNGARO/SIMONTON

**MOLINOS VALLE DEL CIBAO,**

    **Plaintiff,**

v.

**OSCAR R. LAMA, et al.,**

    **Defendants.**
_____/

## ORDER

Presently pending before the Court is Defendants' Motion to Compel Discovery (DE # 52). Plaintiff has filed a Response (DE # 65) and Defendants have filed a Reply (DE # 65). This Motion is referred to the undersigned Magistrate Judge (DE # 58). Based upon a review of the record as a whole, and for the reasons stated herein, Defendants' Motion is GRANTED.

    I.    **BACKGROUND**

The Amended Complaint alleges that Plaintiff, Molinos Valle Del Cibao ("Molinos"), regularly contracted with Defendants to exchange American and Dominican currency. This lawsuit ensued as a result of a June 2004 Foreign Currency Exchange Agreement (the "Agreement") between the parties, which Molinos alleges was breached by Defendants, who failed to make the required payments under the Agreement (DE # 13).

At issue in the Motion to Compel are Interrogatories 6, 7, 8 and 12. Defendants contend that Molinos has provided incomplete responses and asserted unfounded objections to these interrogatories.

II.    **INTERROGATORIES 6-8**

A.    The Parties' Positions

In Interrogatory 6, Defendants ask Molinos to "[d]escribe in detail your version and description of the events that are the subject of the Amended Complaint" and to "identify all documents relating to the events alleged in the Amended Complaint" (DE # 52 at 2). Similarly, Interrogatory 7 asks Molinos to describe the Agreement in detail and to identify all documents relating to the Agreement (DE # 52 at 3). Interrogatory 8 requests that Molinos identify and describe each foreign currency exchange agreement that exists between the parties (DE # 52 at 3).

Molinos has refused to provide better responses to these interrogatories based on their contentions that: (1) the answers to Defendants' questions can be found in the Amended Complaint and in the discovery it has provided thus far (DE # 61 at 2-4); (2) the motion to compel seeks information relating to *prior* dealings between the parties that is outside the scope of the questions posed in the interrogatories, which pertained only to agreements between the parties that are *currently* in force (DE # 4-6); and (3) any additional information is outside Molinos' possession, custody or control, based on the fact that Molinos was not directly involved in executing the relevant agreements with Defendants, but rather hired independent, third-party brokers to do so (DE # 61 at 6-7).[1]

B.    Analysis

The undersigned will address each area of contention in turn below.

---

[1] Molinos adds that Defendants missed their opportunity to depose those brokers by canceling the depositions that Molinos had arranged in a show of good faith, even though Molinos had no formal authority over those brokers (DE # 61 at 2 n.1).

### 1. Full and Complete Responses

Molinos first argues that it should not be required to provide detailed accounts of the events and agreements at issue in this case because it has already done so in the context of the factual allegations contained in its Amended Complaint, as well as in the discovery materials that it has already produced. This argument is unpersuasive.

First, a complaint obviously serves a different purpose than interrogatories propounded during discovery. *Compare* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short an plain statement of the claim showing that the pleader is entitled to relief") *with* Fed. R. Civ. P. 26(b) ("[T]he scope of discovery [includes] any matter relevant to the subject matter involved in the action."). Therefore, contrary to Molinos' position, it is not a foregone conclusion that the allegations in the Amended Complaint are stated with a degree of detail that is commensurate with Molinos' knowledge of the matters raised in Defendants' interrogatories.[2]

Second, as a general rule, the fact that a discovery "item may be available from another source is not a proper objection." *Cent. Transp. Int'l, Inc. v. Global Advantage Distrib., Inc.*, No. 2:06-cv-401-FtM-29SPC, 2007 WL 3124715, at *2 (M.D. Fla. Sept. 11, 2007). Although Molinos maintains that Defendants should have taken advantage of its good faith gesture to make the foreign currency exchange brokers available for deposition, this fact alone does not establish that Defendants' interrogatories are "unreasonably cumulative or duplicative, or [capable of being] obtained from some other source that is more convenient, less burdensome or less expensive," nor does it

---

[2] The undersigned notes that Defendants incorrectly rely on the Florida Rules of Civil Procedure rather than the analogous Federal Rules of Civil Procedure which govern discovery in federal court. The analysis is the same, however.

establish that Defendants have already had an "ample opportunity to obtain the information." Fed. R. Civ. P. 26(b)(2)(C).  Defendants are entitled to test Molinos' knowledge concerning the events contained in the Amended Complaint, even though Molinos' knowledge may overlap with the knowledge possessed by the brokers.  Moreover, Defendants are entitled to obtain information through written discovery from Molinos if available, and then determine whether it is necessary to depose any of all of the brokers.

The undersigned finally notes that, after Molinos insisted that Defendants had been provided all the details required, Defendants asserted that basic questions remained unresolved, including:

> When and where did the parties allegedly meet?  Who was present?  Who negotiated? Who had authority?  What were the precise terms of the alleged agreements?  When the alleged losses were incurred, who was present or who had knowledge?  How exactly did the alleged losses occur?  Who said what to whom and in who's presence?

(DE # 52 at 4).  Defendants also stated that Molinos did "not even provide the exchange rate," which they considered a material detail of the Agreement that should have been included in Molinos' response to Interrogatory 7 (DE # 52 at 4).

Molinos, on the other hand, insists that it should not be required to answer these additional questions, which did not appear in Defendants' original interrogatories.  Molinos' characterization of these questions is misleading; Defendants posed the questions to illustrate that Molinos' had not completely responded to their interrogatories asking them to describe events "in detail."  These questions serve as a guide to alert Molinos to its failure to provide basic facts concerning its claims and do not constitute "new, after-the-fact interrogatories," as Molinos asserts (DE # 61 at 3).  Thus, Molinos shall respond to Defendants' interrogatories, including the areas of

inquiry set forth above, to the extent that those areas of inquiry are applicable.[3]  In addition, Molinos is required to timely supplement its interrogatory responses to reflect any incomplete or incorrect information pursuant to Federal Rule of Civil Procedure 26(e).

### 2.  Information Available to Molinos

Molinos must answer the interrogatories based on the information available to it through its foreign currency exchange brokers, Maria Gabriela Bonelly and Mariel Ferreras.  Pursuant to the Federal Rules of Civil Procedure, Molinos is obligated to answer each interrogatory "separately and fully," Fed. R. Civ. P. 33(b)(3), based on "the information available to" it.  Fed. R. Civ. P. 33(b)(1).  In *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, the plaintiff claimed that the information required to respond to the defendant's interrogatories was unavailable to it because the information was known only to its predecessor-in-interest, but not to its current employees.  230 F.R.D. 682, 684-85 (M.D. Fla. 2005).  The court stated that:

> [t]he answers to interrogatories must be responsive, full, complete and unevasive.  The answer party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his . . . agents or representative whether personally known to the answering party or not.  If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

*Id.* (internal ellipses omitted).

---

[3]  Since these questions are more rhetorical than literal, Molinos' concern that Defendants' Motion to Compel asks about the *parties'* meeting when the meetings actually occurred between the parties' *agents* (DE # 61 at 3-4) is not significant.  If Molinos is aware of the details of meeting, it shall provide this information to Defendants regardless of how Defendants worded their request for the details that they believe should have been included in Molinos' response to the interrogatories.

Molinos itself characterizes the foreign currency exchange brokers as its "agents" both in its response to Defendants' Interrogatories as well as in its response to the instant motion (DE # 61 at 2 ("brokers, on behalf of the parties, negotiated and entered into the . . . Agreement at issue."); 3 ("[t]he agreement was entered into by agents for each party"); 7 ("Defendants *now* ask for information pertaining to the communications had between the parties' independent agents")).  In light of the fact that these brokers had the authority to negotiate on Molinos' behalf; that they were capable of executing a contract that would bind Molinos to an agreement worth over $28 million; and that  Molinos arranged for them to travel from the Dominican Republic to Miami, Florida for a deposition, the undersigned concludes that relevant information known to Molinos' brokers is available to Molinos for the purposes of answering Defendants' interrogatories, regardless of whether that information is currently known by an employee on Molinos' payroll.  If Molinos is unable to obtain the necessary information through sources that are available to it, including its brokers, "it should so state under oath and should set forth in detail the efforts made to obtain the information."  *Essex Builders*, 230 F.R.D. at 685.

       3.       <u>Information Regarding Prior Dealings</u>

Defendants point out that, in paragraph 12 of the Amended Complaint, Molinos alleged that, "prior to the occurrence of the acts giving rise to the complaint, [it] regularly bought U.S. dollars from [Defendants]" (DE # 52 at 4-5) (citing DE # 13 at ¶ 12).  Therefore, Defendants argue, Molinos should be required to provide additional details concerning these alleged "prior dealings" (DE # 52 at 5).  Molinos, on the other hand, states that these prior dealings do not constitute "events that are the subject of the Amended Complaint," as requested in Interrogatory 6, but were merely mentioned in

passing in the Amended Complaint.  Because these prior dealings do not fall within the scope of any interrogatory, Molinos asserts, it is not required to provide any additional information.

There is no question that the prior dealings between the parties are relevant; it is a close question, however, whether the prior dealings are encompassed within Defendants' Interrogatory 6, which asks for details "of the events that are the subject of the Amended Complaint."  In light of the fact that Molinos chose to implicate the parties' prior dealings by addressing them in its Amended Complaint, as well as the Federal Rules' policy favoring full disclosure of relevant information prior to trial, see *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546-47 (11th Cir. 1985), the undersigned concludes that those prior dealings constitute "events that are the subject of the Amended Complaint," and therefore fall within the scope of this interrogatory.[4]

### III.   INTERROGATORY 12

#### A.   The Parties' Positions

In Interrogatory 12, Defendants asked Molinos to "[d]escribe in detail the damages you claim to have suffered in this matter" (DE # 52 at 5).  Molinos states that its damages consist of four components, including: (1) the funds it paid Defendants under the Agreement; (2) the late fees it paid to its creditors and suppliers; (3) the fees and interest[ ] it paid to its bank; and (4) attorneys' fees and costs (DE # 52 at 5).  Defendants complain that Molinos did not provide "a breakdown of each category of damages, to whom each was paid, when and how, the quantity, etc." (DE # 52 at 5).

---

[4] Although Molinos asserts that it does not waive "any objection it may reasonably raise to any such discovery by the Defendants," (DE # 61 at 5 n.3), it has not suggested any reason why this relevant information would be objectionable aside from its contention that it falls outside the scope of Defendants' interrogatories.

**Molinos responds that it has adequately responded to this interrogatory by identifying the four categories of damages it seeks, as well as by setting forth its "principal element of damages, the sum of the worthless checks totaling U.S. $636,596.00" in its Amended Complaint (DE # 61 at 9). Molinos avers that it is in the process of approximating the value of its remaining damages and "will promptly inform the Defendants as soon as those figures become available" (DE # 61 at 9).**

**B.     Analysis**

**The undersigned begins where the parties agree, and affirms Molinos' duty to supplement its damages calculations pursuant to its obligation under Federal Rule of Civil Procedure 26(e).**

**In addition, the undersigned concludes that Molinos' discovery obligations extend beyond providing estimates of its damages because Interrogatory 12 seeks a broader swath of information than the mere calculation of the value of its alleged damages. Therefore, Molinos shall respond to Interrogatory 12 by describing in detail the damages it claims to have suffered in connection with this matter, including, for example, identifying the individuals or entities to whom it has to paid fees, costs or interest; as well as the amount of fees, costs and interest it has paid to each, to the extent that such information is applicable.  It is, accordingly,**

**ORDERED AND ADJUDGED that Defendants' Motion to Compel (DE # 52) is GRANTED.**

**DONE AND ORDERED in chambers in Miami, Florida on August 14, 2008.**

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
**The Honorable Ursula Ungaro,**
**United States District Judge**
**All counsel of record**